[Crim. No. 4064. Second Dist., Div. Two. Feb. 4, 1947.]

THE PEOPLE, Respondent, v. JOSEPH C. LETT, Appellant.

918

Donald MacKay for Appellant.

Robert W. Kenny, Attorney General, and Alberta Gattone, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant was charged with the crime of manslaughter, a felony, in that "while engaged in the driving of a vehicle in the commission of an unlawful act not amounting to a felony, and with gross negligence," he killed a human being. He was tried by the court without a jury and was found guilty of "manslaughter without gross negligence." His motion for a new trial was denied, proceedings were suspended and he was placed on probation for a period of two years. The appeal is from the order denying his motion for a new trial.

The points relied upon by appellant for reversal are (1) that the corpus delicti was not established ; (2) that the evidence is insufficient to sustain the verdict; and (3) errors of law committed during the trial.

The contentions as to the corpus delicti and the insufficiency of the evidence are interrelated and will be considered together.

The applicable portion of section 192 of the Penal Code reads: "Manslaughter is the unlawful killing of a human being, without malice. It is of three kinds: . . . 3. In the driving of a vehicle—(a) In the commission of an unlawful act, not amounting to felony, with gross negligence; . . . (b) In the commission of an unlawful act, not amounting to felony, without gross negligence; . . ."

██ These facts are shown by the evidence without contradiction: Decedent was crossing a public street in an established crosswalk; appellant was driving a car along a street at right angles to the crosswalk at a speed of about 25 miles per hour. Appellant testified as follows: Decedent "was directly in front of me when I first saw him, . . . a very few feet in front, . . . about five feet . . . ; I was looking ahead"; the lights of a car traveling in the opposite direction blinded appellant; they were 50 or 75 feet distant when they first blinded him; they were "on high" (apparently meaning on high beam); when decedent was struck by the automobile the lights "were right on my eyes"; from the time the lights started to bother him he kept driving at the same rate of speed but he "let up on the gas—the accelerator"; he drove approximately 75 feet before stopping after he struck decedent. There is no evidence that appellant sounded his horn at any time as he approached or crossed the crosswalk.

The evidence establishes all the elements of the corpus delicti: (a) The unlawful killing of a human being; (b) without malice; (c) in the driving of a vehicle; (d) in the commission of an unlawful act not amounting to felony; (e) without gross negligence, and it sustains the verdict.

██ Since appellant admits that as he approached the crosswalk in which decedent was walking his eyes were blinded by the lights of another car, it became his duty to be vigilant and to anticipate the presence of a pedestrian in the crosswalk who could not be seen by reason of the bright lights. His inability to see objects in front of him enlarged his obligation to be cautious at the street intersection. He had no right to assume that the road was clear, and the fact that he did not know that decedent was in the crosswalk is no excuse for his failure to give warning. (*Rush* v. *Lagomarsino,* 196 Cal. 308, 317 [237 P. 1066] ; *Meyers* v. *Bradford,* 54 Cal.App. 157, 159 [201 P. 471].) His lack of knowledge of the presence of decedent in the crosswalk did not justify his not keeping a proper lookout for pedestrians. (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 340 [208 P. 125] ; *Zarzana* v. *Neve Drug Co.,* 180 Cal.32, 37 [179 P. 203, 15 A.L.R. 401] ; *Schomer* v. *R. L. Craig Co.,* 137 Cal.App. 620, 624 [31 P.2d 396].)

██ Appellant failed to yield the right of way to decedent in violation of section 560(a) of the Vehicle Code; he failed to sound his horn as required by section 671(b) ; he failed to

observe the provisions of section 510 which reads as follows: "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property." Violation of the statute was negligence as a matter of law. (*Nicholas* v. *Leslie,* 7 Cal.App.2d 590, 595 [46 P.2d 761]; *Clinkscales* v. *Carver,* 22 Cal.2d 72, 75 [136 P.2d 777]; *Devecchio* v. *Ricketts,* 66 Cal.App. 334, 338 [226 P. 11]; *Cleveland* v. *Petrusich,* 117 Cal.App. 71, 79 [3 P.2d 384].) His admission that the lights were 50 or 75 feet distant when they first shone in his eyes, that he did nothing to slow his car except to "let up on the accelerator," and that he traveled 75 feet after he struck decedent before stopping, fixes his responsibility. The case might be different if the blinding lights had flashed suddenly, allowing insufficient time for appellant to check his speed.

In *Ducat* v. *Goldner, ante,* p. 322 [175 P.2d 914], a pedestrian was struck by an automobile in a crosswalk on a dark, stormy night. We held that the failure of the defendant to see the plaintiff, by reason of the atmospheric conditions and absence of light, was not a defense. In the instant case appellant did not see decedent on account of too much light, instead of too little, but the duty of the driver to be diligent was the same, whatever may have been the reason for his not seeing the pedestrian.

 It is not necessary to refer to the cases cited by appellant in which gross negligence is defined and discussed, since that element has been removed by the verdict of the trial court finding appellant guilty of homicide without gross negligence. The definition of the crime of which appellant was found guilty (Pen. Code, § 192) excludes from our consideration the standard of a reasonably prudent man which is argued at length in appellant's brief. That standard is eliminated by the statute under which appellant was prosecuted. It is sufficient to say that a reasonably prudent man would not drive at a speed of 25 miles per hour into a place where pedestrians are expected to be and have a right to be when conditions are such that he is unable to see any object in front of him.

 The errors of law complained of by appellant are two in number. The first relates not to the admission or rejection of evidence but to the construction placed by the court upon

the evidence and the applicable law. This has been disposed of by what we have already said concerning the evidence. The second error assigned is that the court did not take into consideration the question of the contributory negligence of decedent. There is evidence that he was intoxicated to a certain extent at the time of the accident. Negligence of decedent would be appropriate as a defense only if such negligence had been the sole proximate cause of the accident. (*People* v. *Pociask*, 14 Cal.2d 679, 687 [96 P.2d 788].) Contributory negligence, not a novel defense in criminal cases, as often as presented has been rejected as furnishing no excuse for the commission of a crime or as serving to purge an act otherwise constituting a public offense. (*People* v. *Pociask, supra; People* v. *Marconi,* 118 Cal.App. 683, 687 [5 P.2d 974] ; *People* v. *Leutholtz,* 102 Cal.App. 493, 498 [283 P. 292] ; *People* v. *McKee,* 80 Cal.App. 200, 205 [251 P. 675].) Since the evidence established violations of the law by appellant as having been the cause of decedent's death, the intoxication of the latter, if admitted as a fact, is pleaded in vain as a defense.

The order denying the motion for a new trial is affirmed.

Moore, P. J., and McComb, J., concurred.