[Civ. No. 16727.   Second Dist., Div. One.   June 6, 1949.]

MARGARET KAZANJIAN, Appellant, v. PACIFIC GREYHOUND LINES (a Corporation), Respondent.

Armand H. Gizir for Appellant.

W. I. Gilbert, Jr., and Reginald I. Bauder for Respondent.

DRAPEAU, J.—This appeal is prosecuted by plaintiff from a judgment entered on the verdict of the jury in favor of defendant, and is presented upon the judgment roll and a settled statement on appeal.

From such statement it appears that appellant was a passenger on a bus owned and operated by respondent, and as the bus was leaving the Cahuenga station at 4:30 a. m. of September 6, 1946, it collided with a rubbish truck. At the time of the impact, appellant was resting her head on her arms on the back of the seat in front of her and was suddenly awakened from a half sleep by being thrown about and striking her back against the protruding right arm rest of her seat. She did not see how the accident occurred, but noticed a truck in the alleyway in front of the bus. She felt a sharp pain in her back at the time of the accident, but thought it was not serious. After leaving the bus at the terminal in Los Angeles, appellant's back was hurting to such an extent that she took a taxi to her place of business, where she also resided, and thereafter was disabled for several months during which time she was under medical care and for 10 days was in a hospital. Because of her disability she was unable to operate her cleaning and pressing business which she disposed of in January, 1947.

At the trial, appellant's doctors testified that her disability was caused by the accident and that its prolonged and severe character was due to traumatic aggravation of preexisting arthritis and a ruptured intervertebral disc, such opinions being based upon examination and treatment of appellant and upon X-ray negatives.

Respondent's doctor, basing his opinion entirely upon a study of the X-ray negatives introduced in evidence, testified that the condition of the intervertebral spaces was entirely anatomical and not the result of trauma, and that there was no evidence of injury or trauma.

The driver of the rubbish truck testified that after picking up rubbish, he pulled over to the left of the 20-foot alley, in which he was driving the truck at a speed of 8 or 10 miles an hour, so that he could make a right-hand turn into a 15-foot alley (which formed an L with the 20-foot alley, above referred to) for another rubbish pickup. After he started his right turn he saw respondent's bus commencing a left turn out of the station into the 20-foot alley at a speed of 10 or 12 miles per hour. The witness reduced his speed and stopped and the bus continued until the witness sounded his horn,

whereupon the bus stopped quickly but not before the left front thereof collided with the left front of the rubbish truck. At the time of the impact it was dark, the lights of both vehicles were lighted and the damage to both vehicles was slight.

The driver of the Greyhound bus testified that he had worked for respondent three years and had driven out of the Cahuenga station numerous times during hours of darkness; that a 3-foot wall forming part of the station building juts out into the west line of the 20-foot alley and marks the north end thereof, and therefore in making a left-hand turn out of the station yard it is necessary to watch the right side for clearance from this wall; hence at the time in question he looked to the right as he made the turn to avoid the wall. He also testified that his headlights shone down the alley a distance of 50 or 75 feet; that he heard no horn and the lights of the rubbish truck were not on; that he saw the truck after entering the alley and stopped almost immediately; that he had been traveling about 5 miles per hour; that the impact was slight and occurred 4 or 5 feet in the alley; that he first saw the truck when his bus was about 4 feet from it; and that the truck was stopped at the time of the impact.

The brothers Kelley, passengers seated in the front seat of respondent's bus, testified that just prior to the collision the bus was traveling very slowly and was as far to the right as it could possibly be, when suddenly the truck drove up and both vehicles stopped immediately, the collision being very slight; that the left front fender of each vehicle collided, leaving only a small dent in each, and that the ''jar did not disturb the passengers at all nor did anyone complain of injury.''

Appellant urges that while negligence and proximate cause are ordinarily questions of fact for the jury, in the instant cause respondent's bus driver was guilty of negligence as a matter of law because of the degree of care owed by a common carrier to its passengers pursuant to section 2100 of the Civil Code. That section provides that ''A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill.''

In this connection it is argued that said driver violated (1) the statutory duty imposed by section 553 of the Vehicle Code; (2) the general duty to anticipate the presence of vehi-

cles in the public alley, arising from past knowledge; and (3) that he failed or neglected to look where his headlights disclosed the presence of danger in sufficient time to avoid it.

As stated in *Continental Insurance Co.* v. *Pacific Greyhound Lines,* 43 Cal.App.2d Supp. 877, 882 [111 P.2d 37], quoting from *McQuigg* v. *Childs,* 213 Cal. 661 [3 P.2d 309] : " 'It is only when the facts are clear and indisputable and when no other inference than that of negligence or contributory negligence can be drawn from the facts that the issue becomes one of law and not of fact. . . . When honest difference of opinion between men of average intelligence arises as to the effect of the evidence a question of fact arises and the findings of the triers of fact become conclusive upon the appellate tribunals.' '' Continuing, the court there held that ''It was for the court to determine what would have been the conduct of a person of ordinary prudence under the circumstances of the case, as well as to determine whether or not the facts show negligence.''

Likewise in the case under review, the jury was entitled to believe the bus driver's version of the accident, to wit: that he was traveling at a speed of 5 miles per hour; that the lights of the truck were not on and that he heard no horn and that he stopped immediately when he saw the truck. Moreover, the jury was also entitled to give due weight to the testimony of other passengers that the sudden stop by the slowly moving bus ''did not disturb the passengers at all nor did anyone complain of injury.''

As heretofore shown there was a direct conflict in the testimony of the doctors with respect to appellant's injury; hence that also became a question for the determination of the jury and such determination is binding upon this court.

An examination of the entire record discloses sufficient evidence in support of the verdict and the judgment in that it showed affirmatively that respondent exercised the ''utmost care and diligence'' as well as a reasonable degree of skill for the safety of its passengers and to avoid the accident.

For the reasons stated, the judgment is affirmed.

White, P. J., and Doran, J., concurred.