[Civ. No. 18329.   Second Dist., Div. Two.   Oct. 11, 1951.]

RETTA DRIVER, Respondent, v. HAROLD FREDERIC NORMAN, Appellant.

Parker, Stanbury, Reese & McGee and Wm. C. Wetherbee for Appellant.

Royal M. Galvin for Respondent.

MOORE, P. J.—Defendant appeals from the trial court's order granting plaintiff a new trial after a verdict in favor of the defendant. Such new trial was granted solely on the ground that the court erred in giving an instruction on unavoidable accident.

Respondent commenced this action to recover damages for injuries received when she was struck by appellant's automobile at the intersection of Seventh and New Hampshire streets in the city of Los Angeles on April 16, 1949, at about 7:30 p. m. Seventh Street is an east-west thoroughfare and is approximately 55 feet wide at the point of impact. New Hampshire runs north and south and is about 40 feet in width. Respondent was walking north across Seventh Street within the easterly unmarked crosswalk and appellant was driving east on Seventh Street at the time his vehicle encountered respondent. This intersection was in a residential area and was well lighted by street lights at each corner.

Appellant's testimony reveals briefly the following: He was driving east on Seventh at a speed of 20 to 30 miles per hour and following behind a Cadillac at a distance of about 15 feet. The latter car was proceeding in the second lane from the curb adjacent to parked vehicles along Seventh Street. Appellant's car was partly in the same lane and partly in the lane next to the center of Seventh Street. When appellant reached the center of New Hampshire the Cadillac suddenly slowed down and swerved 5 feet to the right. It was then that appellant saw plaintiff for the first time. He immediately applied the brakes, swerved to the right but struck the unfortunate woman with the left front headlight. Appellant testified that she stepped from in front of the Cadillac

into the path of his car, and that although the Cadillac did not strike respondent, her coat brushed along its side.

The 62-year-old pedestrian testified that before she stepped off the curb, she observed two cars coming toward her from the west but both were well back of the intersection; one was to the rear of the other and a little to its left; she immediately proceeded across the street at a normal pace; she observed the rear car after she had arrived at approximately the center of Seventh Street, was startled by its proximity, turned to face it and was struck. She did not otherwise hesitate or stop after leaving the curb. She never formed an estimate as to the speed of the vehicle and never looked toward it again until the moment of impact.

Appellant now seeks a reversal of the order granting the new trial, contending that no error resulted from the giving of the instruction on unavoidable accident.

█ Although the law on this question was somewhat befogged at the time of the trial, since that date the Supreme Court has decided *Parker* v. *Womack,* 37 Cal.2d 116 [230 P.2d 823], which clears away the former mist. It is there held that the giving of an instruction on unavoidable accident is proper unless the defendant is negligent as a matter of law. Accordingly, respondent seeking to uphold the trial court's determination argues that appellant was guilty of negligence as a matter of law in failing to yield the right of way to a pedestrian in a crosswalk as is required by Vehicle Code section 560, citing *Nicholas* v. *Leslie,* 7 Cal.App.2d 590 [46 P.2d 761]; *Fischer* v. *Keen,* 43 Cal.App.2d 244 [110 P.2d 693]; *People* v. *Lett,* 77 Cal.App.2d 917 [177 P.2d 47]; *Ducat* v. *Goldner,* 77 Cal.App.2d 332 [175 P.2d 914]. She contends also that appellant's failure to maintain a proper lookout and his following a vehicle too closely at an excessive rate of speed establish negligence *per se.*

█ However, though violation of a statute imposing a standard of care may be negligence as a matter of law, circumstances still may be shown in excuse or in justification of such conduct. (*Satterlee* v. *Orange Glenn School Dist.,* 29 Cal.2d 581, 588-89 [177 P.2d 279]; *Combs* v. *Los Angeles Ry. Corp.,* 29 Cal.2d 606, 609 [177 P.2d 293].) █ Prima facie, appellant herein was negligent in violating Vehicle Code, section 560, but from the evidence introduced it was still a question for the trier of fact as to whether his conduct in failing to yield the right of way was not that of any ordinarily prudent

person. (*Satterlee* v. *Orange Glenn School Dist., supra,* p. 590.)

■ Under all the circumstances the jury could properly have determined that appellant was not negligent in failing to yield the right of way since his vision was obscured by the Cadillac which preceded him. For the same reason, his failure to see respondent might be excused since she appeared suddenly from in front of the other vehicle. At the least, the evidence is not such that the court is impelled to say reasonable men could and must draw only the inference of negligence. Under such circumstances, violation of a statute is not negligence *per se* proximately contributing to the accident. (*Satterlee* v. *Orange Glenn School Dist., supra,* p. 590.)

The evidence further reveals that appellant first saw respondent when his car had reached the center of New Hampshire, about 20 feet from the crosswalk. He immediately applied the brakes, but seemed to strike respondent at that instant. Assuming his speed to have been approximately 25 miles per hour—slightly over 36 feet per second—such testimony is in accord with the normal reaction time of three-fourths' second required from the time a person sees danger until he can get his foot on the brake.

■ The question of appellant's negligence in following the Cadillac too closely was also for the trier of fact. (*Elford* v. *Hiltabrand,* 63 Cal.App.2d 65, 74 [146 P.2d 510]; *Donahue* v. *Mazzoli,* 27 Cal.App.2d 102, 106 [80 P.2d 743].) Similarly, it is specifically provided in Vehicle Code, section 513, that proof of appellant's excessive speed would not constitute negligence as a matter of law.

Order reversed.

McComb, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 6, 1951. Carter, J., and Traynor, J., voted for a hearing.