[Civ. No. 16886.  First Dist., Div. One.  Nov. 26, 1956.]

CLAIRE PORTER McMILLEN, Appellant, v. SOUTHERN PACIFIC COMPANY, Respondent.

Wexler & Wexler for Appellant.

Ropers & Majeski for Respondent.

AGEE, J. pro tem.*—Plaintiff appeals following an adverse jury verdict in a personal injury action, contending that the evidence is insufficient to sustain the verdict and that the trial court erroneously instructed the jury.

On November 22, 1950, at 6 p.m., appellant boarded respondent's train at San Francisco as a paying passenger. She injured her back while getting off the train at Millbrae. Appellant was the only witness as to what happened. Her version is as follows: "Q. Now, was there anyone else on that coach ready to disembark at the time you were standing on the top platform? A. There was a man on the bottom step, waiting for the train to stop, and I was on the platform—of the coach—on the platform. Q. Now, did the train come to a stop? A. It came to a complete stop. Q. Tell us what happened from that point on. A. Well, then the man on the bottom step got off and I started to go down the steps, and I had some bundles in my left arm and I was holding on with my right hand and, as I stepped, started to step from the step below the platform to the next step, the train jolted and it just jolted me off my feet and I lost my handgrip and I just went right out of the train; I landed with my feet on the pavement and my back against the step." Appellant estimated that the train had been stopped for "five or six seconds" before the jolt occurred.

Appellant states her first contention as follows: "The uncontradicted evidence of the appellant is to the effect that while she was a paying passenger on the respondent's train and while she was in the act of descending the steps of the respondent's train after the train had stopped, that the train suddenly and severely jolted and jerked, throwing the appellant down the steps of the train and thereby severely injuring the appellant. *There is no evidence in the record to impeach or contradict this testimony.*" (Emphasis ours.) Appellant's contention, in effect, is that the jury was required to accept her story as a *matter of law.* We do not agree. As stated in *Blank* v. *Coffin,* 20 Cal.2d 457, 461, 462, 464 [126 P.2d 868]: "The jury, however, is the sole judge of the credibility of the witnesses [citing authorities] and is free to disbelieve them even though they are uncontradicted if there is any rational ground for doing so. . . . There are many reasons why a jury may refuse to believe a witness. . . . In passing on the credibility of a witness, the jury is entitled

*Assigned by Chairman of Judicial Council.

to consider his interest in the result of the case." As the court points out, even the manner in which the witness testifies may be considered.

There are many things which may have caused the jury to disbelieve appellant. She did not report the accident to respondent until over six weeks later and then it was through her attorney, whom she first consulted on January 8 or 9. The jury could have inferred that her reason for so doing was that she had not, up until that time, considered that respondent was to blame for her fall. Respondent was a daily commuter and the train was a commuter's train. If the accident had been investigated soon after it is alleged to have occurred, it is quite likely that fellow commuters would have been able to say whether the train had or had not jolted or jerked at the time and place in question. The jury had a right to consider also the many conflicts between appellant's testimony and that of her medical witnesses as to the extent and nature of her injuries. There was a considerable variance. Even though this testimony does not directly concern the issue of liability, it may be considered by the jury in determining appellant's credibility. In *Nelson* v. *Black*, 43 Cal.2d 612 [275 P.2d 473], the Supreme Court said, at page 613: "From the conflicts in his own testimony and with other evidence in regard to the nature of the medical treatment he received, the extent and duration of his asserted disability, and his physical condition prior to the accident, the jury reasonably could have concluded that he testified falsely concerning those matters. Having so determined, *it could have disregarded his entire testimony.*" (Emphasis added.) It may be pointed out, also, that appellant's account of the train's movement is difficult to believe unless it can be concluded that, for some unexplained reason, the engineer, after bringing the train to a complete stop, decided to start forward or backward and again stop, this time abruptly. There was no testimony that the original stop at Millbrae had been abrupt or unusual. The "jolt" occurred "five or six seconds" after the train had come to a complete stop, according to appellant. However, the engineer testified, without objection, to his usual method of operating the train and described how, after he has brought it to a stop, he sets the engine brake which holds the train in a stopped position. He then looks back for a proceed signal which a brakeman gives him after all the passengers have detrained. He keeps his hand on the brake until the signal is given. If this

method was followed at the time in question, the "jolt" described by appellant could not have happened.

Respondent called the five members of the train crew and they all testified that they could not recall any jolting or jerking. This was negative testimony from which the jury could have inferred that, if there had been this unusual movement of the train, they would have been able to recall it. (*Scott* v. *City & County of San Francisco*, 91 Cal.App.2d 887, 888-889 [206 P.2d 45]; *White* v. *Los Angeles Ry. Corp.*, 73 Cal.App.2d 720 [167 P.2d 530]; *Ostertag* v. *Bethlehem etc. Corp.*, 65 Cal.App.2d 795, 800 [151 P.2d 647].)

█ The burden was upon appellant to establish the facts necessary to bring into play the doctrine of res ipsa loquitur. (*Steele* v. *Pacific Electric Ry. Co.*, 168 Cal. 375, 378-379 [143 P. 718].) Whether or not the alleged "jolt" or "jerk" occurred was one of these facts. The jury was not required *as a matter of law* to accept appellant's story. It reasonably could have found that appellant had failed to sustain the burden of proof required of her and that, therefore, the doctrine of res ipsa loquitur did not come into play. There would then have been no inference of negligence to rebut.

Assuming, however, that the jury found that the alleged severe "jolt" or "jerk" occurred, then the doctrine of res ipsa loquitur is applicable and an inference arises that it was caused by the respondent's negligence. In addition to the defense that it had used the utmost care and diligence for appellant's safe carriage, respondent also had available the defense of appellant's contributory negligence if there was sufficient evidence to support it. Appellant does not dispute this as an abstract proposition but contends that there is not sufficient evidence in the instant case upon which a finding of contributory negligence could have been made. Therefore, appellant argues, the trial court erred when it instructed on contributory negligence. We do not agree.

Appellant testified that, as she was starting to descend the steps, she was holding some bundles in her left arm but was holding with her right hand onto the hand railing. It was dark at the time. It would appear that, under the circumstances, the jury could have found that the exercise of ordinary care required that appellant use the hand rail.

█ However, her physician testified, reading from his notes, that she made the following statement to him shortly after the accident: "while stepping down, the train jerked, causing her to fall across the steps, hitting the mid-section of the

upper back across the steps. *She broke part of her fall by grabbing hold of a railing on the side of the steps.''* (Emphasis added.) From this, the jury could have inferred that she did not have a hold on the hand rail at the time of the alleged jolt but only attempted to gain one *after* she had started to fall. From such inference, the jury could reasonably have concluded that she did not exercise ordinary care for her own safety and that this was one of the proximate causes of her fall. Accordingly, it was proper to instruct the jury on the issue of contributory negligence. Moreover, appellant herself offered an instruction (marked by the court as ''Given in substance'') which told the jury that if they found the necessary elements of res ipsa loquitur to be present, *''and* that the *plaintiff* was *free from contributory negligence,''* (emphasis added) the verdict should be in favor of appellant. Two other instructions offered by appellant, both marked by the court as ''Refused, subject otherwise covered,'' told the jury that if the elements of res ipsa loquitur are present the burden is then thrown upon the carrier to establish that such injury was not caused by its neglect but by ''the contributory negligence of the passenger.'' ▇ If it was error to instruct on contributory negligence, the error was invited by appellant. (See 4 Cal.Jur.2d 423; *Fuentes* v. *Panella,* 120 Cal.App.2d 175, 182 [260 P.2d 853]; *Rivera* v. *Goodenough,* 71 Cal.App.2d 223, 231 [162 P.2d 498].)

Appellant asserts that it was also prejudicial error to instruct on unavoidable accident because there was no evidence from which such a finding could be made. ▇ This question was settled by the Supreme Court in *Parker* v. *Womack,* 37 Cal.2d 116 [230 P.2d 823], where it held (p. 122) that a determination that an accident was unavoidable is proper where the evidence merely shows that a plaintiff has failed in his proof. In *Driver* v. *Norman,* 106 Cal.App.2d 725, 727 [236 P.2d 6], *Parker* v. *Womack, supra,* is cited as authority for the rule that ''the giving of an instruction on unavoidable accident is proper unless the defendant is negligent as a matter of law.'' (See also *Scott* v. *Burke,* 39 Cal.2d 388, 401 [247 P.2d 313]; *Smith* v. *City & County of San Francisco,* 117 Cal.App.2d 749, 751 [256 P.2d 999]; *Hooper* v. *Bronson,* 123 Cal.App.2d 243, 251 [266 P.2d 590]; *Zollars* v. *Barber,* 140 Cal.App.2d 502, 509 [295 P.2d 561].) We have determined that the respondent was not negligent as a matter of law and that, therefore, the giving of the instruction on unavoidable accident was not error. But we would like to

point out that it would not have been error to have refused such instruction. Attention is invited to *Lloyd* v. *Southern Pac. Co.*, 111 Cal.App.2d 626, where, at page 636 [245 P.2d 583], a number of cases are listed in which it was held not to be error to refuse such an instruction where all elements of a defendant's liability under the evidence presented are covered by other instructions. (See also Mr. Justice Carter's dissenting opinion in *Parker* v. *Womack, supra.*)

Appellant argues that *Parker* v. *Womack, supra,* does not apply to a passenger-common carrier accident. There is nothing in its language, however, that indicates any such limitation. This court made no such distinction in *Taylor* v. *Luxor Cab Co.*, 112 Cal.App.2d 46, 56 [246 P.2d 45], which involved a passenger-taxicab situation. Appellant cites *Pezzoni* v. *City & County of San Francisco*, 101 Cal.App.2d 123 [225 P.2d 14], and *Finley* v. *City & County of San Francisco,* 115 Cal.App.2d 116 [251 P.2d 687]. Neither of these cases held that the giving of an instruction on unavoidable accident was improper. In the Pezzoni case the jury was told that " ' . . . before an accident can be said to be unavoidable it must appear . . . that the occurrence was one which ordinary care . . . would not have guarded against. . . .' " The court pointed out that from this "the jury could only reasonably understand that defendant was only bound to use ordinary care to escape liability for its action." (P. 125.) The same mistake was made in the Finley case, but the court made this pertinent observation, at page 122: "Instructions on such a *theory* [unavoidable accident] are not objectionable provided they contain an accurate statement of the applicable law." In the instant case, the only instruction given on unavoidable accident defined it as follows: ". . . an accident or occurrence that occurs without having been proximately caused by negligence as I have explained that term to you." The jury had been instructed that "negligence," so far as respondent was concerned, meant the failure to use the utmost care and diligence, and that "negligence," as to appellant, meant the failure to exercise ordinary care for her own safety. Hence, the confusion that existed in the Pezzoni and Finley cases did not obtain here. It is implicit in the Finley case that an instruction in a common carrier case on unavoidable accident, if correctly stated, is proper. In this case, the instruction correctly stated the law. Appellant also cites *Hyman* v. *Market Street Ry. Co.,* 41 Cal.App.2d 647 [107 P.2d 485] and *Scandalis* v. *Jenny,* 132 Cal.App. 307 [22 P.2d 545].

In both of these cases, as pointed out in *Parker* v. *Womack, supra,* the defendant was negligent *as a matter of law.* That is not the situation here. In the remaining case cited by appellant, *Barr* v. *Hall,* 12 Cal.App.2d 489 [55 P.2d 1246], the trial judge refused to instruct on unavoidable accident. Had the trial judge done so in the instant case, it would not have been error either.

After the trial judge had concluded his instructions, appellant's counsel asked for an instruction on life expectancy, whereupon respondent's counsel asked for the instruction on unavoidable accident. Both were then given. Appellant urges that the instruction on unavoidable accident thereby received extra emphasis. We do not agree. The trial judge had simply overlooked these two proposed instructions and was reminded of them by respective counsel in a manner that resulted in no emphasis on either.

Appellant's concluding assignment of error is that the instructions given were "heavily weighted in favor of the carrier." We have read the entire record, with particular attention to the instructions given, and we are satisfied that this is not so. It would serve no useful purpose to set forth the entire charge herein. Appellant also calls attention to a number of instructions which, she says, indicate to the jury that respondent was not liable. ■ For example, appellant complains of the instruction that respondent is not an insurer or guarantor of appellant's safety. This is, of course, a correct and relevant statement of the law.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied December 26, 1956, and appellant's petition for a hearing by the Supreme Court was denied January 23, 1957. Carter, J., was of the opinion that the petition should be granted.