[Civ. No. 5386.   Fourth Dist.   Apr. 17, 1957.]

KENNETH W. McMAHON, Appellant, v. KERN COUNTY UNION HIGH SCHOOL AND COLLEGE DISTRICT et al., Respondents.

Oscar F. Catalano, Merle H. Jenkins and Herbert Chamberlain for Appellant.

Borton, Petrini, Conron & Brown and P. R. Borton for Respondents.

MUSSELL, J.—This is an action to recover damages for personal injuries sustained by plaintiff as a result of a collision between an automobile in which he was riding and a school bus. The accident happened at the intersection of Wegis Road and Rosedale Highway in Kern County. A jury returned a verdict for defendants and plaintiff appeals from the judgment thereupon entered.

Rosedale Highway is an east-west state highway with two 12-foot traffic lanes, separated by a broken white line. Wegis Road runs north and south. It is a county road with two traffic lanes, each 7½ feet wide. There is a house occupied by the Hodel family 396 feet north of the north lane of Rosedale Highway and on the west side of Wegis Road. There were no stop signs at the intersection and there was a clear view diagonally across the northwest corner.

At about 7 a.m. on May 17, 1954, plaintiff, on his way to work, was a passenger in a 1941 Chrysler sedan owned and being driven easterly on Rosedale Highway by William J. Hampton when the automobile struck a school bus being driven south on Wegis Road by Jerry D. Horne, an employee of defendant school district. The point of impact was approximately 5 feet south of the center of Rosedale Highway and approximately even with a line projected south from the west edge of Wegis road on the north side of the highway. The initial point of collision between the vehicles took place between the left front fender of the Chrysler and the right front corner of the bus. The Chrysler was traveling so fast that it pivoted and dragged the bus at right angles so that it was headed east after the accident and the left front wheel of the bus was pushed sideways a distance of 36 feet.

Horne was an experienced bus driver and on the morning of the accident was picking up students on his regular route for the school district. He had stopped at the Hodel home, 396 feet north of the intersection, to pick up a student. Between that point and the point of collision his bus was

in second gear and he did not reach a speed of over 20 or 25 miles per hour between these two points. He looked to the west on Rosedale Highway as he left the Hodel home and again when approximately 200 feet north of the intersection, but saw no eastbound traffic. As he was entering the intersection, he was traveling about 10 miles per hour and saw the Hampton car. It was then west of the intersection. When Horne saw it, he applied his brakes and skidded all four wheels of the bus to the point of impact.

Emmitt E. Worthen testified that at the time of the accident he was irrigating alfalfa on the northeast corner of the intersection involved and about 375 feet from it; that the bus stopped at the Hodel house and picked up the girl who lived there; ''I watched the bus, and it picked up the girl, and it started on or going on south, and it sure wasn't driving very fast at all. I would say it never did get over 20 miles an hour from the time it picked up the Hodel girl until it entered the intersection; and, when it got there, why, it slowed down to almost a stop but didn't stop plumb still, and it drove on out into the intersection of Rosedale Highway, and it got up—I would say the front wheels was approximately 3 or 4 feet, the best I could see, from the white line in the center of the Rosedale Highway, and I looked up the highway, Rosedale Highway, west, and I seen this car coming, and it wasn't—I don't believe it was over 150 feet away when I seen it, and I said to myself, 'Oh, My God' next''; that he heard the crash and the car hit the bus on the right front fender and whirled it down the Rosedale Highway in the direction the automobile was headed; that the bus entered the intersection at a speed of 3 to 5 miles per hour; that at the time he first saw the automobile, the bus had entered the intersection and the front end of it was not over 3 feet from the white line; that at that time the automobile was about 150 feet west of the intersection; that it ''was doing well over 50 miles per hour.''

Plaintiff testified that he was around two blocks from the intersection when he first saw the bus and it was then about three blocks north of the intersection; that he did not see it again before the accident and that he was looking down the right-hand side of the road.

The first ground upon which appellant relies for reversal of the judgment is that the evidence established as a matter of law that the defendants were guilty of actionable negli-

gence, and therefore the judgment against plaintiff should be reversed. There is no merit to this contention.

In *Negra* v. *L. Lion & Sons Co.*, 102 Cal.App.2d 453, 458 [227 P.2d 916], it is said:

"Generally speaking, the degree of care required under any given circumstances and the question as to whether or not that degree was attained by one charged with negligence is a question of fact for the jury and not a question of law. (*Malone* v. *Clemow*, 111 Cal.App. 13 [295 P. 70].) Negligence of a defendant, like contributory negligence of a plaintiff, is generally a question of fact for the determination by the trier of fact whose finding will not be disturbed on appeal if there is substantial evidence to support it. (*McWane* v. *Hetherton*, 51 Cal.App.2d 508, 511 [125 P.2d 85].)"

And as is said in *Butcher* v. *Queen City Iron & Metal Co.*, 99 Cal.App.2d 25, 27 [221 P.2d 265]:

"Whether defendant was negligent or plaintiff contributorily negligent are questions of fact for the determination of the jury whose finding supported by substantial evidence will not be reversed on appeal. (*Reinders* v. *Olsen*, 60 Cal. App. 764, 767 [214 P. 268]; *McStay* v. *Citizens Nat. T. & S. Bank*, 5 Cal.App.2d 595, 600 [43 P.2d 560].)"

It is only when the facts are clear and indisputable, and when no other inference than that of negligence or contributory negligence can be drawn from the facts that the issue becomes one of law and not of fact. (*McQuigg* v. *Childs*, 213 Cal. 661, 663 [3 P.2d 309]; *Kazanjian* v. *Pacific Greyhound Lines*, 92 Cal.App.2d 210, 213 [206 P.2d 887].)

The question of whether the defendants were guilty of actionable negligence was one of fact for the jury and there is substantial evidence to support the verdict of the jury.

Appellant argues that the conclusion is inescapable that the jury found that the collision of the school bus and automobile was the product of the negligence of both drivers because the jury in a companion action in which Hampton was plaintiff and the defendants were the same as in the instant action, the defendant school district filed a cross-complaint against Hampton for damages to the school bus and the verdict on the cross-complaint was in favor of Hampton. However, the pleadings in the Hampton action are not before us and are not included in the record. There was no appeal from the judgment in that case and we are unable to determine upon what basis the jury returned its verdict

in favor of Hampton and against the school district on the cross-complaint.

Appellant further claims that the judgment against the plaintiff should be reversed for the reason that the jury was misdirected to his prejudice. The claimed error in this connection is that the court gave an instruction on the doctrine of unavoidable accident and that the state of the evidence precluded any application of the doctrine. The instruction given was as follows:

"In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still, no one may be held liable for injuries resulting from it.

"Bear in mind, however, that if the defendant failed to exercise ordinary care, and if that failure was a proximate cause of the accident in question, then, whether or not such conduct was the sole cause, the accident was not unavoidable, and the defense of unavoidability may not be maintained."

There is no contention here that the instruction was an incorrect statement of the law. In *Parker* v. *Womack,* 37 Cal.2d 116, 122 [230 P.2d 823], the court, in discussing an instruction on the doctrine of unavoidable accident, said:

"Mrs. Parker asserts that the challenged instruction should not have been given because no evidence of any kind was offered by Womack tending to prove that something happened to cause the collision which he could not have avoided by the exercise of reasonable care. The argument erroneously assumes that the law imposed upon him the burden of defending a charge of negligence with affirmative proof of an unavoidable accident. The contrary is true. (*Polk* v. *City of Los Angeles, supra,* at p. 542 [26 Cal.2d 519 (159 P.2d 931)].)

"It is also suggested that where the evidence is such as that shown by the record in this case, an instruction upon the doctrine of unavoidable accident is improper because it may tend to divert the minds of the jurors from the decisive issues of the case; the defendant may escape liability because of some reason other than his freedom from negligence or the contributory negligence of the plaintiff. The contention might have some merit if the term 'unavoidable

accident' were limited to include only one cause by *vis major*. But a determination that an accident was unavoidable is also proper where the evidence merely shows '. . . that the plaintiff has failed in his proof.' (*Jolley* v. *Clemens, supra,* at p. 743 [28 Cal.App.2d 55 (82 P.2d 51)].) Where an instruction defining such an accident is given at the request of the defendant, it cannot be said to have been harmful to the plaintiff 'who in any event had the burden of proving that the collision was occasioned solely by the negligence of the . . . (defendant) which, of course, would exclude unavoidable accident.' (*Pearce* v. *Elbe, supra,* at p. 106 [98 Cal.App. 101 (276 P. 389)].)

"In *Hyman* v. *Market Street Ry. Co.*, 41 Cal.App.2d 647 [107 P.2d 485], and *Scanadlis* v. *Jenney,* 132 Cal.App. 307 [22 P.2d 545], it was held that the giving of an instruction concerning the rule of unavoidable accident was prejudicially erroneous. However, in each of these cases, the evidence established the negligence of the defendant as a matter of law. Under the evidence there was no question of negligence for the jury to decide. Here no claim is made that Womack was negligent as a matter of law. Upon the evidence it was the duty of the jury to decide which, if either, of the drivers failed to use due care in entering the intersection and the Womacks were entitled to have the jury instructed in regard to the rule of unavoidable accident."

In *Driver* v. *Norman,* 106 Cal.App.2d 725, 726 [236 P.2d 6], it is again held, citing *Parker* v. *Womack, supra,* that the giving of an instruction on unavoidable accident is proper unless the defendant is negligent as a matter of law. And in *McMillen* v. *Southern Pac. Co.*, 146 Cal.App.2d 216, 220 [303 P.2d 788], the court said:

"Appellant asserts that it was also prejudicial error to instruct on unavoidable accident because there was no evidence from which such a finding could be made. This question was settled by the Supreme Court in *Parker* v. *Womack,* 37 Cal.2d 116 [230 P.2d 823], where it held (p. 122) that a determination that an accident was unavoidable is proper where the evidence merely shows that a plaintiff has failed in his proof. In *Driver* v. *Norman,* 106 Cal.App.2d 725, 727 [236 P.2d 6], *Parker* v. *Womack, supra,* is cited as authority for the rule that 'the giving of an instruction on unavoidable accident is proper unless the defendant is negligent as a matter of law.' " (Citing cases.)

It appears from the record herein that all the elements of defendants' liability under the evidence presented are covered by the instructions, and since we have concluded that the defendants were not negligent as a matter of law, we find no error in the giving of the criticized instruction.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.