**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**TIAI MASE, Defendant**

High Court of American Samoa
Trial Division

CR No. 35-93

August 22, 1994

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Fainuulelei L.F. Ala`ilima, Assistant Attorney General
 For Defendant, William H. Reardon

Order Denying Motion for New Trial:

On June 7, 1994, defendant Tiai Mase ("Mase") was found guilty of the offense of homicide by vehicle in violation of A.S.C.A. §· 22.0706, following a bench trial. On August 15, 1994, Mase was adjudicated guilty of this offense and sentenced to three years' imprisonment. Execution of the sentence was suspended, and he was placed on probation for a term of three years. As probation conditions, Mase was required to (1) serve a detention period of six months, with the privilege of work release from 7:00 a.m. until 5:00 p.m., Monday through Friday; (2) enroll, attend and successfully complete a driver's education course, if this program is renewed during the probation term; (3) be a law-abiding citizen; and (4) visit his probation officer monthly or as directed. In addition, the court revoked his private driver's license for 360 days, pursuant to A.S.C.A. § 22.0213, and required that any renewal license be issued only when Mase complied with all the licensing requirements of A.S.C.A. § 22.0204, with this conviction recorded on the license, in accordance with A.S.C.A. § 22.0217.

On June 16, 1994, Mase moved for a new trial, in advance of the pronounced judgment and sentence and prematurely under A.S.C.A. § 46.2402(a). He asserted that both the court's findings of fact and

120

conclusions of law were erroneous in several particulars. Additionally, he declared that the court erred in not granting his motion for a mistrial when the prosecutor offered evidence of his prior driving record. The court also heard this motion on August 15, 1994, following pronouncement of the judgment and sentence, and took it under advisement. Further, in order to avoid Mase's immediate incarceration and loss of his driving privilege to his prejudice, the court postponed any commencement of Mase's sentence and probation until it issued the decision on the motion.

## DISCUSSION

Mase claims that the evidence is insufficient to establish beyond a reasonable doubt the finding of fact that he failed to exercise due care, in violation of A.S.C.A. § 22.0406. Because of inconsistency with the physical evidence, he takes issue with the court's finding that he was driving his vehicle in excess of the 30-mph speed limit applicable to the area of the accident. Claiming he neither saw nor should have seen the deceased victim, Jerome Palemia ("Palemia") before Palemia started across the road, he disputes the court's findings that he was driving his vehicle inattentively to the situation at hand and not sounding his horn when necessary. He further argues that the evidence is insufficient to establish beyond a reasonable doubt the finding that Palemia would not have died but for Mase's speeding, inattention and failure to sound a warning. Rather, he characterizes the accident as a classic, dart-out situation, exonerating him of responsibility for Palemia's death. In his factual depiction, Palemia created the risk of harm, perhaps coupled with his grandfather's and mother's knowledgeable and careless failure to take action to avoid the accident.

Mase refers to the braking distance standards set forth in A.S.C.A. § 22.1109 as demonstrating that the evident skid marks at the accident scene showed his speed to be below 30 mph. However, the standards in A.S.C.A. § 22.1109 are abstract measures of brake quality. The visible length of skid marks at an actual accident scene may be affected by numerous factors other than speed. Neither party produced evidence in depth on the true factual significance of the particular skid marks at issue, and we did not, and do not, place ultimate credence on them in resolving the speed issue. Rather, we found, and still find, the eyewitness opinions as the credible evidence that Mase was driving in excess of 30 mph.

121

Talitiga Afasene[1] was especially convincing. He was operating a bus traveling at 30 mph behind Mase and observed Mase's vehicle pulling ahead of his bus and increasing the intervening distance as both vehicles approached the accident point.

■■■■ We are unpersuaded that Mase's lack of actual knowledge of Palemia's presence is an essential factual factor to the finding of inattentiveness or failure to sound a warning. When the driver of a vehicle observes a bus stopped in a road at a three-corner intersection, and the intersecting road is located across the road to the bus driver's left, the oncoming driver is given a clear warning signal. Passengers may be embarking or disembarking and possibly about to cross the road; the driver may be preparing to turn left onto the intersecting road; or the bus may be inoperable. The approaching driver should slow down, be especially alert for pedestrians, and sound his horn. *See People v. Lett,* 177 P.2d 47, 48 (Cal. App. 1947). If Mase had taken these precautions, he would have reached the stopped bus when Palemia had cleared the road, halted his crossing, or was at least not in such extremely hazardous circumstances.[2]

For these reasons, we stand by our original findings of fact, as well as our conclusions of law that Mase, Sagapolu and Palemia respectively violated A.S.C.A. §§ 22.0406, 22.0320(a), and 22.0401(d), and that these violations were causes in fact of Palemia's death.[3] The phrase "the proximate cause of the death" in A.S.C.A. § 22.0706 refers to the legal cause of the death, as distinguished from other causes in fact. An accused

---

[1] Mase pointed out that the court's opinion and order mistakenly identifies the driver of the bus in which Palemia was riding before the accident as Taliliga Afanese (correct name Talitiga Afasene). In fact, this bus driver was Iosefo Sagapolu ("Sagapolu"), Palemia's grandfather, and Afasene was operating the bus following Mase. The opinion and order will be amended by: (1) deleting "Taliliga Afanese" where this name appears and substituting "Iosefo Sagapolu" therefor; and (2) deleting "Afanese" or "Afasene" where either name appears and substituting "Sagapolu" therefor.

[2] Mase would have us find that Palemia ran when he attempted to cross the road. While we are convinced that Palemia was not alert to Mase's approaching vehicle, we are persuaded by the credible evidence that Palemia walked onto the road. In either event, however, Mase failed to take the precautionary measures that would have likely prevented the loss of Palemia's life.

[3] Mase faults our original analysis declaring that three proximate causes of the death were present. For purposes of applying the applicable law to the facts in this case, we did inartfully fail to distinguish between legal or proximate cause and cause in fact in this discussion. In order to clarify this discussion, we will now amend the original opinion and order by deleting the words "proximate causes" from the third line of conclusion of law No. 4 and substituting the words "causes in fact" therefor.

122

cannot escape criminal liability for a vehicular homicide if intervening contributing conduct is foreseeable. *See People v. Harris,* 125 Cal. Rptr. 40, 45-46 (Cal. App. 1975). Accountability is excused only if the intervening cause supersedes the defendant's original act. *See id.* Indeed, *American Samoa Government v. Uo,* 4 A.S.R.2d 14, 18-19 (1987), cited by Mase, clearly recognizes this principle of law.

In this case, Mase ignored the plain sign of present danger ahead and failed to take proper precautionary steps. We are not dealing with a true dart-out situation. Mase should have foreseen that a pedestrian may be present and positioned for grave risk of harm. He should have slowed down, become more perceptive of possible pedestrian presence, and sounded his horn. While intervening, Palemia's conduct was not a superseding cause. Arguably, Sagapolu's stopping violation was not even intervening, but in any event it, too, was not superseding.[4] Our conclusion of law that Mase's conduct was the proximate cause of Palemia's death is valid.

On the mistrial issue, the prosecutor committed deplorable misconduct when he attempted to introduce Mase's prior driving record into evidence. This evidence was not relevant, under T.C.R.Ev. Rules 401 and 402, to any facts of consequence in this case. Even if considered remotely relevant, it would not have been admissible in the context offered to prove Mase's character or for any other legitimate purpose, under T.C.R.Ev. Rule 404(a)(1) or (b), or Rule 803(22), and would be characterized as unfairly prejudicial, under T.C.R.Ev. Rule 403. If this case had been tried before a jury, we would have granted a mistrial for the prosecutor's attempt to misguide the jury through a counterfeit token of guilt consciousness. However, the evidence was not admitted, and keenly aware of its nature, we completely put aside any thought of it in making our decision. Mase suffered no prejudice. Nevertheless, the prosecutor is admonished to stay away from such improper tactics in the future, whether he is in trial before a jury or the court.

## ORDERS

---

[4] Perhaps, as Mase has asserted, Sagapolu should have sounded his horn as Mase's vehicle approached his bus, and Palemia's mother, who was also in Sagapolu's bus, could have shouted or taken some other step to warn her son of the imminent danger. However, their omissions at this juncture were also foreseeable and not superseding causes. In fact, in our view, Palemia's death would have resulted even if they had acted affirmatively. Their inactions are truly questionable causes in fact.

The original opinion and order is corrected and clarified by the amendments indicated herein. Mase's motion for a new trial is denied. He shall begin his sentence and probation upon entry of this order, and commence serving his detention period no later than 5:00 p.m. on the day following such entry.

It is so ordered.