[Civ. No. 9096. First Appellate District, Division Two.—February 2, 1934.]

(MRS.) BERTHA LEWIS, Appellant, v. ALFRED REIN-BERG, Respondent.

Morris M. Grupp and Bernard B. Stimmel for Appellant.

Kirke La Shelle, Jr., for Respondent.

SPENCE, J.—Plaintiff was injured when she slipped and fell in a steam room in the Berkeley Steam Baths, an institution owned and operated by defendant Reinberg. Upon the trial defendant's motion for nonsuit was granted at the close of plaintiff's case and from the judgment of nonsuit plaintiff appeals.

Plaintiff and her friend, Mrs. Steinberg, were occasional patrons of said baths. The steam rooms, which adjoined dressing rooms and shower rooms, were about 6 or 8 feet

square. At the back of room 6 there was a wooden platform about 3 or 4 feet high with a railing on the front thereof and with steps leading up thereto. There was a corrugated rubber mat fastened upon each of said steps. A bench was located upon the platform against the back wall and it was upon this bench that the patrons sat for the purpose of enjoying the steam and also for the purpose of lathering themselves with soap, using water furnished in buckets placed upon the platform. The platform sloped slightly toward the front of the room in order that water would drain off the platform and would ultimately flow into the drain in the floor. Both plaintiff and Mrs. Steinberg occupied room 6 on the day in question. They brought their own soap, lathered themselves freely, and thereafter rinsed themselves while on said platform after Mrs. Steinberg had descended the steps to get clean water for that purpose and had returned. When plaintiff subsequently started to descend the steps she slipped on the first step and sustained her injuries. It was claimed that she slipped on ''something slippery oozing out'' from under the rubber mat. Mrs. Steinberg, called as a witness for plaintiff, testified that she examined the step and saw there something ''like soapy suds''. On cross-examination she admitted that what she saw there was ''colorless'' and was ''just like water''. In the complaint it was charged that the injuries were caused ''solely by reason of soap being accumulated on said steps and that said soap was negligently allowed to be accumulated by the defendant Alfred Reinberg''.

In our opinion the nonsuit was properly granted as plaintiff failed to present any evidence to sustain the essential allegations of her complaint. It was not shown that any ''soap'' had accumulated on said steps but it affirmatively appeared from the evidence offered by plaintiff that she slipped upon a step which was hazardous only by reason of the presence of soapy water. It would seem that the hazard caused by the presence of soapy water is one which is assumed by patrons entering a room used for the purposes described but in any event it was at best purely a matter of conjecture as to whether the soapy water in question was there by reason of the activities of plaintiff and her friend or by reason of some act or omission on the

part of defendant. In fact the evidence offered by plaintiff on this subject showed that the steps appeared to be in perfect condition when she ascended before taking her bath and that she felt the soapy substance only at the time she slipped, which was after she and her friend had spent some time in lathering and rinsing themselves on the small platform above the steps.

In an endeavor to present some evidence tending to show negligence on the part of defendant, plaintiff offered testimony showing that defendant's wife had told her on a previous occasion that each room was thoroughly cleaned with the hot-water hose after each patron had left ''to make it safe so that no soap would accumulate anywhere'' and plaintiff further offered testimony to show that said room 6 was not so cleaned by defendant on the day in question. It appeared that on said day room 6 was occupied by another patron when plaintiff and Mrs. Steinberg arrived; that they were so informed and decided to wait until that room was vacated; that when the party using said room had left, plaintiff and Mrs. Steinberg entered and rang for the attendant; that when the attendant failed to appear immediately, they themselves proceeded to clean the room with the hose and thereafter took their baths without awaiting any assistance in the cleaning. We do not believe that said testimony was helpful to plaintiff. It affirmatively showed that the danger to be anticipated from the presence of soapy water in the steam room was as well known to plaintiff as it was to defendant. Under these circumstances the rule stated in *Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556 [296 Pac. 76], is controlling and bars plaintiff's recovery.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.