[Civ. No. 17506. Second Dist., Div. Two. Aug. 16, 1950.]

GEORGE BUTCHER, Respondent, v. THE QUEEN CITY IRON & METAL COMPANY (a Partnership) et al., Appellants.

Moss, Lyon & Dunn, and Henry F. Walker for Appellants.

Erb, French & Picone, Ralph Highsmith and Samuel B. Picone for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff in the sum of $15,000 after trial before a jury in an action to recover damages for personal injuries, defendants appeal.

*Facts*: On October 25, 1947, plaintiff went to defendant partnership's place of business, which was a steel and metal yard, for the purpose of buying a piece of steel and also some scrap angle iron. Upon entering the yard plaintiff saw defendant Wood, an employee of the partnership, and also Mr. Carpio, foreman of the yard. The foreman upon learning plaintiff's mission requested plaintiff to follow him to the back of the yard. This he did and was shown a piece of steel longer than he desired. The foreman told plaintiff he could cut the metal the length desired, and started to cut it in plaintiff's presence. Before the metal was completely cut plaintiff walked along the stock shed to a point where the foreman had told him he could find some scrap angle iron. Plaintiff picked up some short pieces of angle iron and went toward the office and the scales. Plaintiff stopped near a cutting table where defendant Wood was using a torch. On the table was a steel plate below which was a piece of round steel approximately 3½ feet in length and about 2½ to 2¾ inches in diameter, weighing approximately 100 pounds. Plaintiff did not know the round steel was on the table, it being completely covered by the plate steel and not visible to plaintiff. Defendant Wood, however, knew the piece of steel was beneath the plate. While plaintiff was standing near the table defendant Wood looking in the general direction toward plaintiff said ''That plate is in my way.'' After the statement, plaintiff went up to the table, picked up the steel plate, and

the piece of round steel beneath the plate rolled off the table striking plaintiff's right foot and injuring it.

As a result of the injury it was necessary to amputate the right great toe. The amputation of the toe caused plaintiff to have a permanent limp and a doctor testified that further surgery might be necessary in the future.

*Questions*: First: *Did the evidence show that defendant partnership had violated a duty which it owed plaintiff?*

This question must be answered in the affirmative and is governed by these rules:

1. The owner of property is under a duty to a business invitee to exercise reasonable care in the maintenance and use of its premises so as not to injure such invitee. (*Smith* v. *Pickwick Stages System,* 113 Cal.App. 118, 126 [297 P. 940].)

2. A business invitee is entitled to ordinary care at the hands of the employee of an employer and an omission of such care resulting in injury makes the employer liable to the injured party. (*Smith* v. *Pickwick Stages System, supra,* 126.)

3. A finding by a jury that a plaintiff is a business invitee when supported by substantial evidence is binding upon an appellate court. (*Bee* v. *Tungstar Corp.,* 65 Cal.App.2d 729, 732 [151 P.2d 537].)

4. Whether defendant was negligent or plaintiff contributorily negligent are questions of fact for the determination of the jury whose finding supported by substantial evidence will not be reversed on appeal. (*Reinders* v. *Olsen,* 60 Cal.App. 764, 767 [214 P. 268]; *McStay* v. *Citizens Nat. T. & S. Bank,* 5 Cal.App.2d 595, 600 [43 P.2d 560].)

Applying the foregoing rules to the facts in the instant case the jury from the evidence were justified in finding that plaintiff was a business invitee on the premises of defendant partnership, and that defendant Wood within the scope of his employment requested plaintiff to remove the steel plate from the table. Also that plaintiff did not know there was a round piece of steel beneath the plate and defendant Wood was negligent in not informing plaintiff of such fact. Likewise the jury was justified from the evidence in finding that plaintiff acted as a reasonably prudent man would have acted under the same or similar circumstances and was therefore not contributorily negligent.

Second: *Was the judgment excessive?*

This question must be answered in the negative. A jury's verdict will not be set aside upon appeal on the ground

that the verdict is excessive unless the verdict is so outrageously excessive as to suggest passion, prejudice, or corruption. (*Junge* v. *Midland Counties etc. Corp.*, 38 Cal.App. 2d 154, 160 [100 P.2d 1073].)

In the instant case the amount of the award, $15,000, does not fall in such category. The evidence disclosed that as a result of the injury plaintiff lost the big toe on his right foot causing a permanent limp and that the circulation in the lower end of his right foot was permanently impaired which might cause gangrene to flare up with the necessity of a further amputation of a portion of his foot or leg.

Affirmed.

Moore, P. J., and Wilson, J., concurred.