[Civ. No. 17860.   Second Dist., Div. Three.   Mar. 28, 1951.]

ELSIE HARPKE, Appellant, v. LANKERSHIM ESTATES (a Corporation), Respondent.

William S. Palmese and Jesse A. Levinson for Appellant.

Tripp & Callaway and Hulen C. Callaway for Respondent.

VALLÉE, J. — Appeal by plaintiff from a judgment of nonsuit in an action for damages for personal injuries sustained by her when she slipped and fell down a marble stairway in an office building operated by defendant.

Plaintiff alleged negligence generally and that without fault or negligence on her part she "tripped by reason of the defective, unsafe, dangerous and unsound condition of the stairway, and was precipitated and fell down the stairway," sustaining the injuries for which she seeks recovery. A jury was empaneled and at the close of plaintiff's case the court granted defendant's motion for nonsuit.

It is conceded that plaintiff was an invitee of the defendant corporation and that it was under a duty to exercise ordinary care to maintain the stairway in a reasonably safe condition or to give warning of a latent or concealed peril, if such existed. Plaintiff was the only witness who testified concerning her fall and the condition of the stairway at the time of the accident.

Plaintiff testified she had worked in defendant's building for four or five years prior to March 17, 1947, the date of the accident, and had used the stairway on numerous occasions; that as "I was leaving work approximately 4:30 in the afternoon and I used the stairs, I walked down from the third to the second, and I left the second floor to go down

to the first, and I started down the stairs, and there is a platform outside at this flight, and there were some girls there, I walked around them . . . and started down again, and I got about half way between this landing and the front, and I slipped and fell and didn't gain my balance, and I went down through the plate glass door, my arm extended, I think, and I cut my hand.'' With respect to the condition of the stairway she testified ''the stairs are worn, they are rounded edged, they are sort of grooved on the two sides, on the right and left, and they were slippery.'' On cross-examination she stated that she noticed no difference in the condition of the stairway from that on any previous day. She further testified: ''Q. Now, it is true, is it not, as you passed those three girls that were descending or going in the same direction you were going you lost your balance, isn't that right? A. After I had passed them? Q. Yes, and you stumbled head-first, then, the remaining stairs, is that correct? A. Yes. Q. And that happened about halfway from the bottom of the steps to the top of the landing? A. The landing, yes. Q. And you don't know what caused you to stumble, do you? A. No. Q. And I take it that as you walked down the stairs you were looking in the direction in which you were walking? A. Yes. Q. And these stairs over which it was necessary for you to traverse were within the range of your vision? A. Yes. Q. And you did not see anything on the stairs that caused you to fall? A. No. Q. And you don't know what caused you to slip? . . . A. No, I don't.''

The foregoing evidence constituted plaintiff's case. All that it showed was that she slipped and fell; that she lost her balance, she did not see anything on the stairway that caused her to slip and fall, and she did not know what caused her to slip. ▊ Negligence is never presumed. ▊ The burden of proof was upon plaintiff to prove its existence either directly or by facts and circumstances from which negligence may be inferred. ▊ No inference of negligence arises from the mere proof of a fall upon the stairway. ''In order to impose liability on the owner it must be shown that a dangerous condition existed, and that the defendant knew or should have known of it. While under some circumstances, negligence may be inferred from the existence of a dangerous condition, the burden rests upon the plaintiff to show the existence of a dangerous condition, and that the defendant knew or should have known of it.'' (*Vaughn* v. *Montgomery Ward & Co.*, 95 Cal.App.2d 553, 556 [213 P.2d 417], and cases

there cited.) ■ No inference of negligence arises merely from proof that the floor was "slippery" in the absence of proof of some foreign substance upon the floor, or proof of a dangerous condition created by, or known to, the owner. While a duty is imposed upon the owner of a building to police and inspect a stairway it invites others to use, the minimum duty of a plaintiff is to show that the stairway was in fact unsafe and that she fell because of that condition. ■ Here the plaintiff failed to sustain her burden of proof and the nonsuit was properly granted.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.