[Civ. No. 21827.   Second Dist., Div. Two.   Feb. 6, 1957.]

JOSEPH GOTTLOEB, Appellant, v. MELROSE HEALTH BATHS (a Partnership) et al., Respondents.

Paul Braslow for Appellant.

Carol G. Wynn for Respondents.

MOORE, P. J.—Appeal from a judgment of nonsuit in an action for damages for personal injuries sustained when plaintiff slipped and fell on a tile step or bench in the steam room of defendants' bath house.

### THE COMPLAINT

The complaint alleges that on August 21, 1954, plaintiff was a paying business invitee of the Melrose Health Baths; that at that time and place "defendants herein did so negligently operate, maintain, and conduct the above mentioned premises as to cause to allow and exist and permit to remain a dangerous and defective condition in that a portion of the 'steam bath steps' located in the steam room were not covered with a non-slippery substance and were in fact constructed of tile and that because of the steam and humidity said tile became wet and slippery and unfit to walk on and that business invitees were invited and instructed to use said steps to walk on to attain the desired density of air and steam; that pursuant to the directions of defendants plaintiff did use said steps in said steam room and did slip and fall upon the uncovered tile portion of said steps (the remainder of the area of said steps being covered with non-slippery wood). . . ."

### THE ANSWER

The answer admits that plaintiff was a paying business invitee; denies generally the remainder of the foregoing allegations; but contains affirmative defenses of contributory negligence and assumption of risk.

## THE EVIDENCE

On August 21, 1954, plaintiff entered the place of business of the defendants, of which Sam Minster was one of the owners, to take a steam bath. While he had been in the habit of taking steam baths for many years, he had never patronized the establishment of defendants. The type of bath involved is known as a "Russian Bath," an oven being employed to heat bricks over which hot water is poured to create the steam. It is the custom of the patrons of defendants to use soapy water mixed in a pail to apply to each other, using a brush or broom of eucalyptus leaves.

The steam room had an oven or "steam generator" and "bench-bleachers" lining two walls. The higher up the benches one goes, the hotter it gets. The bleachers lining two walls of the room were either constructed of or were covered with wood with the exception of a small area three or four feet wide in the two bottom bleachers made of tile. In that area the accident happened. Also, the floor of the room was glazed tile. In one place a wooden stairway had been constructed for patrons to reach the upper benches, and the steps there were covered with either a rubber matting or a composition material with gravel, which was a rough-surface safety device. There was always soapy water on the steps or benches.

It appears that when plaintiff entered the hot-room with Isadore Troianoff, he saw two friends, Gross and Isenberg. He stopped and chatted with them for a minute or so. Then Gross asked Troianoff to give him a rub and they both went up to the top bench. Plaintiff followed and sat on the second bench in the tile section with his feet hanging in the stairway. Desiring a drink of water, he turned around and put his feet on the first bench. He stood up "and I went sailing and that is the last thing I remember." There is testimony to the effect that plaintiff turned around because Troianoff was blocking his way on the stairs. Plaintiff testified that he was not on the second bench long enough to notice the nature of the surface on which he was sitting and did not look at the surface of either the first or second bench before falling. By the fall, plaintiff fractured his left wrist.

## THE MOTION FOR NONSUIT

At the conclusion of plaintiff's case, defendants moved for nonsuit on the following grounds:

1. Insufficient evidence to warrant a finding by the jury

of negligence on the part of defendants proximately causing the accident;

2. Plaintiff's evidence showed he was guilty of contributory negligence as a matter of law which itself was the proximate cause of the accident.

The trial court granted the motion, but it is not clear from the record whether it was granted on one or both grounds. This appeal followed.

■ It is axiomatic that a motion for nonsuit at the close of plaintiff's case should be denied if there is any substantial evidence, which, with the aid of all legitimate inferences favorable to the plaintiff, tends to establish the allegations of the complaint. (*Murphy* v. *Atchison, T. & S. F. Ry. Co.,* 139 Cal.App.2d 792 [294 P.2d 458].) ■ An appellate court in reviewing a judgment of nonsuit must view the evidence in the light most favorable to the plaintiff, disregarding all contradictions and inconsistencies and drawing only such inferences as may be reasonably drawn in favor of plaintiff (*Murphy* v. *Atchison T. & S. F. Ry. Co., supra; Kirk* v. *Los Angeles Ry. Corp.,* 26 Cal.2d 833 [161 P.2d 673, 164 A.L.R. 1]) even though there is a conflict in the evidence and only some of it tends to sustain the plaintiff's case and different findings can reasonably be drawn. (*Sunset Milling & Grain Co.* v. *Anderson,* 39 Cal.2d 773 [249 P.2d 24].)

■ Inasmuch as plaintiff was concededly a business invitee, he was entitled to the protection of the doctrine which requires owners of premises to exercise reasonable care so to maintain their premises in a reasonably safe condition as not to injure the invitee. (*Richter* v. *Adobe Creek Lodge,* 143 Cal.App.2d 514 [294 P.2d 729]; *Butcher* v. *Queen City Iron & Metal Co.,* 99 Cal.App.2d 25 [221 P.2d 265]; *Ashley* v. *Jones,* 126 Cal.App.2d 328, 332 [271 P.2d 918].)

■ Now there is substantial evidence in the record from which the jury could have found that the defendants failed in their duty to maintain a reasonably safe place for an invitee. Therefore, it was the duty of the court to submit to the jury for its determination the question of negligence of defendants. They could reasonably have inferred negligence from the very fact that the defendants covered most of the tile benches with a wooden covering, leaving uncovered only the small portion in which plaintiff met with his accident. It could have been inferred that by covering a portion of the tile with wood, the defendants had recognized that uncovered tile constituted a potentially dangerous condition in a room

filled with steam and in which soapy water was prevalent, and had commenced the process of protecting against the danger. The jury could reasonably have inferred that failure to complete the task constituted negligence.

Defendants argue that there is no testimony whatever that the covered portion of the bath facilities was any more or less slippery than the tile portion. But direct testimony was not necessary on this point. ■ A jury must at times, and particularly in negligence cases, evaluate the evidence in the light of human experience. Certainly, they are not required to shut their eyes to matters of common knowledge. ■ It is a matter of common human experience that wet tile is more slippery than some other surfaces, including wood. In *Sischo* v. *City of Los Banos*, 26 Cal.App.2d 642, 649 [80 P.2d 116, 1020], the court in denying a rehearing declared: "It is common knowledge that tiling, when wet, is slippery, and in this cause the testimony shows that the tiling was wet, and therefore slippery."

■ In any event, it was a question of fact, to be determined by the jury, whether or not the tile portion was slippery and dangerous; whether failure to cover the tile portion was negligence on the part of defendants; and whether such negligence was the proximate cause of the accident. We cannot say, from the evidence before us, that there was no actionable negligence on the part of the defendants *as a matter of law*. The issue should have been submitted to the jury.

Respondents urge that the instant case is governed by *Lewis* v. *Reinberg*, 136 Cal.App. 554 [29 P.2d 439], in which a judgment of nonsuit was sustained in a "slip and fall" case in a steam room. That case is distinguishable on its facts. There the plaintiff and her companion occupied a private room about six or eight feet square. Instead of waiting for the attendant to clean the room with a hose after the previous occupant departed, they did it themselves. Furthermore, in the complaint it was alleged that the injuries were caused solely by reason of the soap's accumulation on the steps and "that said soap was negligently allowed to be accumulated by the defendant." The appellate court held that the plaintiff had failed to present any evidence to sustain the essential allegations of her complaint. It was not shown that any "soap" had accumulated on the steps. In the case at bar the plaintiff has alleged a "dangerous condition and a defective condition in that a portion of the 'steam bath steps' were not covered with a nonslippery substance." The

evidence is without conflict that this allegation is true. It was a question for the jury as to whether the maintenance of that condition was negligence on the part of the defendants proximately causing plaintiff's injuries.

Respondents only cursorily discuss the issue of contributory negligence on the part of plaintiff. However, since it was one of the grounds for the granting of the motion for non-suit, a brief comment will not be amiss. It has been stated in *Anthony* v. *Hobbie,* 25 Cal.2d 814 [155 P.2d 826], and followed in many decisions that cases in which it can be said as a *matter of law* that the negligence of plaintiff contributed proximately to the accident are rare, and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion. This is not such a case.

The evidence shows that plaintiff was in the steam room not more than five minutes before the accident occurred and was seated on the second tile bench only two or three seconds before he stood up on the first bench. Therefore, it was for the jury to determine whether in that short interval of time, considering that his vision was somewhat impaired by the steam and that he had never been in the room before, he was negligent in not noticing the slippery tile and not guarding against the accident. In short, it was for the jury to decide whether plaintiff did or did not conduct himself as a reasonably prudent man under all the circumstances. It was not a question of law, but one of fact.

Plaintiff has raised two points of error in connection with the exclusion of evidence, but in view of our conclusion that there is sufficient evidence already in the record to justify submitting the matter to the jury, it is not necessary to consider the other assignments.

The judgment is reversed.

Fox, J., and Ashburn, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 2, 1957.