[Civ. No. 6306.   Fourth Dist.   Dec. 9, 1960.]

HELEN M. ROELAND, Appellant, v. GERATIC ENTER-
PRISES, INC. (a Corporation) et al., Respondents.

Charles H. Kent for Appellant.

Wilson & Wilson and William H. Wilson for Respondents.

McMURRAY, J. pro tem.*—Plaintiff appeals from an order granting motion for nonsuit and the judgment entered pursuant thereto.

■■■ It is the rule that a motion for nonsuit at the close of plaintiff's case should be denied if there is any substantial evidence which, with the aid of all legitimate inferences favorable to the plaintiff, tends to establish the allegations of the complaint. ■■ An appellate court in reviewing a judgment of nonsuit must view the evidence in the light most favorable to the plaintiff, disregarding all contradictions and inconsistencies and drawing only such inferences as may be reasonably drawn in favor of plaintiff even though there is a conflict in the evidence and only some of it tends to sustain the plaintiff's case and different findings can reasonably be drawn. (*Gottloeb* v. *Melrose Health Baths,* 148 Cal.App.2d 313, 316 [306 P.2d 568].)

■■ With these rules in mind, plaintiff's evidence before this court shows that she slipped, fell, and injured herself while entering a shower in conjunction with the swimming pool provided by defendants for the use of the tenants at their trailer park. Plaintiff was such a tenant. The passageway to the shower, completed shortly before the accident here involved, was walled with concrete blocks, paved with smooth cement and open to the sky. As plaintiff entered the passageway from the rough cement paving surrounding the swimming pool, she took one or two steps after a left turn and slipped and fell. Plaintiff testified that the floor in the passageway was ". . . wet or damp, and it was very smooth and slippery, and I walked in there and it seemed like I no more than made that little turn, and it was real slippery, but there is nothing to hold on to, so I took those two or three steps, and I just slipped and my feet went right out from under me."

With such testimony before the court, it was error to grant a motion for nonsuit. A jury could have found that the smooth cement floor was a dangerous condition, it being common

*Assigned by Chairman of Judicial Council.

knowledge that such cement is slippery, especially when wet, and that the use of such floor in a shower area where water is always present created a hazardous condition of which defendant should have had notice by the very nature of the installation.

Furthermore, whether or not a slippery floor is a dangerous condition is a question of fact. (*Nicola* v. *Pacific Gas & Elec. Co.*, 50 Cal.App.2d 612, 615-616 [123 P.2d 529].)

Direct evidence is not necessary to establish that defendant had notice of a dangerous condition, and such notice may be established by inference. (*Cagle* v. *Bakersfield Medical Group*, 110 Cal.App.2d 77, 82 [241 P.2d 1013].)

It is also true that "It is generally a question of fact for the jury as to whether, under all the circumstances, the defective condition existed long enough so that a reasonable man exercising reasonable care would have discovered it." (*Louie* v. *Hagstrom's Food Stores, Inc.*, 81 Cal.App.2d 601, 607 [184 P.2d 708].)

Respondent earnestly contends that the case of *Harpke* v. *Lankershim Estates*, 103 Cal.App.2d 143 [229 P.2d 103], is here governing. That case was one wherein plaintiff testified that she did not know what caused her to fall. Here plaintiff testified that the floor was "wet or damp," "very smooth and slippery," "real slippery," and "there is nothing to hold on to." The total of such testimony certainly presents sufficient factual material to require that the jury be allowed to consider its effect.

The concurring opinion of Presiding Justice Shinn in *Jones* v. *Hotchkiss*, 147 Cal.App.2d 197, 204 [305 P.2d 129], should be studied by defense lawyers before motions for nonsuit are made.

The judgment is reversed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied January 6, 1961, and respondents' petition for a hearing by the Supreme Court was denied January 31, 1961.