Filed 1/25/24  Vardanyan v. VJ's Touch Beauty Salon CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GOHARIK VARDANYAN, | B320308 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC711065) |
| v. | |
| VJ's TOUCH BEAUTY SALON, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William A. Crowfoot, Judge.  Affirmed.

Stephan Filip, Stephan Airapetian and Eugenia Bagdassarian for Plaintiff and Appellant.

Daniels, Fine, Israel, Schonbuch & Lebovitz and Mark R. Israel, for Defendants and Respondents.

_____

Plaintiff Goharik Vardanyan fell and broke her hip while standing up from a shampoo chair at VJ's Touch Beauty Salon Inc. (the Salon). She subsequently sued the Salon, its owner Varoug Gharibi, and related business entity VJ's Touch (collectively defendants).[1] The complaint alleged Vardanyan fell and was injured after catching her foot on the chair's severely damaged footrest. Defendants moved for summary judgment, offering evidence the chair was neither damaged nor dangerous. In opposing summary judgment, Vardanyan asserted for the first time that not only were defendants liable because the salon chair was dangerous, but also because defendants negligently failed to help her stand up from the shampoo chair. The trial court concluded Vardanyan's complaint alleged only a theory of liability based on the condition of the chair. The court denied Vardanyan's request to amend her complaint to allege an additional theory of liability and granted summary judgment. We find no error in the trial court's rulings and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In June 2018, Vardanyan filed a Judicial Council form complaint against defendants for premises liability and general negligence. Both causes of action were based on nearly identical factual allegations: "Plaintiff was getting her hair washed while sitting on the chair of the shampoo backwash unit (hereinafter 'Chair'), at the premises owned and/or operated and/or controlled by all defendants named in this complaint. While being left on the chair of the shampoo backwash unit (hereinafter 'Chair') for

---

[1] The complaint also named as defendants "Leonard, Paul And Dorit a Trs" and Leonard Family Trust. These entities are not parties to the instant appeal.

2

about 10-15 minutes after hair wash [*sic*], Plaintiff heard strange sounds. Plaintiff called for help, but no one came to her calling. Thereafter, Plaintiff tried to get up but her foot got stuck on the Chair's leg-rest, the leg-rest was severely damage[d], and fell. The fall resulted in Plaintiff suffer[ing] serious injuries, including broken bones."

In the general negligence cause of action, the complaint further alleged defendants were responsible for "negligent hiring, entrancencement [*sic*], retaining, appointing, selecting, training, and/or supervising of those persons responsible for the foregoing acts and or omissions."

In January 2019, defendants served special interrogatories on Vardanyan, requesting, among other things, all facts and documents supporting her contention that the Salon or Gharibi were negligent. Vardanyan objected to the contention interrogatories as premature and provided no substantive response. In July 2021, defendants served a supplemental interrogatory requesting any new information relevant to their initial discovery requests. Vardanyan responded that she had no changes to her earlier responses.

Defendants moved for summary judgment, arguing there was no evidence of any dangerous condition at the Salon. In support of the motion, Gharibi declared that the shampoo chair was not damaged or defective, it had been in use at the Salon for over 15 years, and no other customer had ever fallen while using it. Defendants also argued Vardanyan's impermissibly vague and "factually devoid" responses to their interrogatories supported summary judgment in their favor.

Defendants deposed Vardanyan in November 2021. According to her testimony, she visited the Salon every six to

3

eight weeks from 2011 to 2016. On the day of the incident, Vardanyan went to the Salon to have her hair washed. Karine, a Salon employee, led Vardanyan to one of the Salon's shampoo chairs. The chair had a footrest.[2] According to Vardanyan, employees always assisted her and other clients on and off the chair because it was high off the ground. Karine washed Vardanyan's hair, wrapped it in a towel, and left.

Vardanyan testified that she expected Karine to return because the Salon's employees always helped her get out of the chair. She called Karine's name, but no one came. Vardanyan soon felt the veins on her neck "pulling." After three to five minutes, she decided to get out of the chair on her own. Vardanyan felt something like a stool in front of the chair and stepped on it with her left foot. She then stepped forward with her right foot and "ended up on the floor." She did not know why she fell.

At Gharibi's subsequent deposition, he testified that the Salon's employees stay with clients during the hair-washing process and also help clients sit up if they are "elderly or they have a back issue or some condition." Either an employee or the customer pushes the footrest in. According to Gharibi, a customer can stand up without pushing the footrest in. However,

---

[2] Although the complaint referred to a "footrest," or a "leg rest," at Vardanyan's deposition she testified that "in the past there used to be high chairs in the salons, and in front of the chair there was something that people would use in order to step on it to get onto the chair and then to step on it to get off of the chair, to get down from the chair." She testified that "something" was attached to the chair, but when asked if it was "like a footrest where you put your feet," she answered, "It's to step on it to go up and step on it to go down."

it was pushed in "not to cause an obstacle for those who go into the restroom." If a customer is unable to push the footrest in, an employee does it out of "responsibility so that the person will feel good."

Vardanyan's opposition to the motion for summary judgment argued there was a triable issue of fact as to whether defendants breached their duty of care by failing to push in the footrest and failing to help Vardanyan out of the shampoo chair. In support of these arguments, the opposition cited and attached the deposition testimony of Vardanyan and Gharibi described above.

Vardanyan also submitted a declaration and supplemental interrogatory response along with her opposition to summary judgment. For the first time, Vardanyan asserted she had told defendants on numerous prior visits that she needed help getting on and off the shampoo chair; she had told defendants that lying on the chair hurt her neck and made her dizzy; she generally had difficulty getting on and off the chair; therefore, defendants always stayed by her side and helped her.

Defendants' reply argued Vardanyan's opposition presented a new theory of liability based on the alleged failure to help her out of the shampoo chair, but that she still failed to demonstrate a triable issue of fact.

The trial court issued a tentative ruling granting summary judgment. The court concluded defendants had presented sufficient evidence the shampoo chair was not damaged or dangerous, thus shifting the burden to Vardanyan to establish a factual dispute as to whether any dangerous condition existed in the Salon. The court determined Vardanyan failed to meet that burden. In addition, the court concluded the complaint did not

5

allege negligence based on a failure to help Vardanyan out of the chair and tentatively declined to consider whether Vardanyan had identified a triable issue of fact under the new theory.

At the hearing on the motion, Vardanyan argued the complaint's allegations were sufficient to assert a theory of negligence based on defendants' failure to help her out of the chair. She asked for leave to amend the complaint if the court concluded otherwise. The trial court ordered supplemental briefing. In her brief, Vardanyan argued she had timely requested leave to amend after learning of the court's tentative ruling, and that her proposed amendment would not prejudice defendants. Defendants contended Vardanyan's request for leave to amend was untimely.

The court denied Vardanyan's request to amend the complaint, reasoning the request was untimely because the proposed amendment was based on facts known to Vardanyan on the date of the incident. The court also concluded permitting the amendment would prejudice defendants. The court therefore adopted its tentative decision and granted summary judgment. Vardanyan's appeal followed.[3]

---

[3] Vardanyan filed her notice of appeal before the trial court entered judgment. However, this court "may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment." (Cal. Rules of Court, rule 8.104(d)(2).) We exercise our discretion to treat Vardanyan's notice as filed immediately after entry of the June 13, 2022 judgment.

# DISCUSSION

## I. The Trial Court Properly Granted Summary Judgment

### A. Standard of review

Summary judgment is appropriate if there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) A defendant moving for summary judgment has the initial burden of showing a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853 (*Aguilar*).) The movant need only "negate plaintiff's theories of liability *as alleged in the complaint*; that is, a moving party need not refute liability on some theoretical possibility not included in the pleadings." (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493.) If the defendant satisfies this initial burden, the burden shifts to the plaintiff to present evidence demonstrating there is a triable issue of material fact based on specific facts. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, at p. 849.)

" ' " ' "We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained." ' [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." ' [Citation.]" (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347.)

7

## B. Premises liability and negligence related to the chair and footrest

"The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158.) A landowner "is not an insurer of the safety of its patrons," but it does "owe them a duty to exercise reasonable care in keeping the premises reasonably safe." (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205 (*Ortega*).) A landowner thus has a duty to reasonably inspect the premises for dangerous conditions, and if any such conditions exist, "the landowner must, ' "use the care required of a reasonably prudent [person] acting under the same circumstances." ' [Citations.] Failure to do so constitutes a breach of duty of care." (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1208 (*Jones*).)

Vardanyan's complaint alleged her foot got stuck on the severely damaged footrest of the chair, she fell, and was injured. These factual allegations identified the footrest as a dangerous condition. (*Pultz v. Holgerson* (1986) 184 Cal.App.3d 1110, 1117, fn.7 [complaint that points out particular part of premises and particular condition sufficiently informs defendant of alleged negligent act].) Defendants sought summary judgment on the ground that Vardanyan could not establish there was any dangerous condition at the Salon that caused her fall.[4] They

---

[4] Defendants also contended they had no duty to Vardanyan because any danger was open and obvious. Because we conclude there was no triable issue of fact as to whether the chair or footrest was dangerous, we need not reach this issue. We also note that although Vardanyan alleged defendants willfully failed to warn her about a dangerous condition on the property, she did

presented evidence that the shampoo chair was in good condition, was not damaged or defective, and had been used for over 15 years without incident. This was sufficient to shift the burden to Vardanyan to identify " 'specific facts showing that a triable issue of material fact exists' " as to whether the chair or footrest constituted a dangerous condition. (*Aguilar, supra,* 25 Cal.4th at p. 849.)

Vardanyan did not meet that burden. Her deposition testimony indicated only that the footrest was used as a step to get in and out of the chair and that she did not notice any damage to the footrest on the day of the incident. She further testified that she was "unable to tell" why she fell. (*Harpke v. Lankershim Estates* (1951) 103 Cal.App.2d 143, 145 (*Harpke*) [evidence insufficient to support finding of dangerous condition where plaintiff did not know what caused her to slip].)

In her declaration in support of the opposition to summary judgment, Vardanyan declared she tripped and fell on the footrest when she tried to stand up from the shampoo chair. However, as the court explained in *Howard v. Omni Hotels Management Corp.* (2012) 203 Cal.App.4th 403 (*Howard*), "[t]he fact that an accident occurred does not give rise to a presumption that it was caused by negligence. [Citation.] Instead, the injured plaintiff must establish sufficient facts or circumstances that support an inference of a breach of duty, to defeat a summary judgment motion by a defendant that is asserting due care was exercised. It is not enough for the plaintiff to provide speculation or conjecture that a dangerous condition of property might have

not argue this theory in the trial court or on appeal. We consider any failure to warn theory abandoned. (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075.)

been present at the time of the accident." (*Id*. at p. 432; *Harpke*, *supra*, 103 Cal.App.2d at p. 145 [no inference of negligence arises from the mere proof of a fall].)

Here, Vardanyan proffered no evidence that the footrest was in any way defective or damaged, that there had been any other accidents involving the footrest, or that she had been imperiled by the footrest in her prior five years of regular patronage at the Salon. Neither her deposition testimony nor her declaration indicated there was anything unusual, out of place, or unexpected regarding the footrest. (Cf. *Walsh v. Maurice Mercantile Co.* (1937) 20 Cal.App.2d 45, 46–47 [evidence sufficient to go to jury to decide whether defendant used ordinary care to maintain aisle in reasonably safe condition where scale was out of place and protruded into aisle].) She further offered no evidence that defendants had actual or constructive knowledge that the footrest was a dangerous condition, or that defendants should have realized the footrest created an unreasonable risk of harm to salon patrons. (*Ortega, supra*, 26 Cal.4th at p. 1206.) She failed to adduce any evidence from which a reasonable inference could be drawn that the extended footrest on the shampoo chair was unsafe or created an unreasonable risk of danger. (*Harpke, supra*, 103 Cal.App.2d at p. 146 [plaintiff who slipped and fell on stairway had minimum duty to show stairway "was in fact unsafe and that she fell because of that condition"].)

Besides the fact of her fall, Vardanyan's only other evidence was that the Salon employees had helped her in and out of the chair in the past; employees stayed with clients during the hair-washing process and escorted them from the shampoo chair to another salon chair; and either an employee or the customer

10

typically pushed in the footrest. The evidence of the Salon's practices did not suggest the footrest endangered patrons' safety. When asked the reason for the Salon's practice of pushing in the footrest for some clients, Gharibi testified it was "a matter of politeness," and that it was the Salon's responsibility to make customers "feel good." Vardanyan had no evidence to contradict this explanation. Her evidence did not support a reasonable inference that the footrest created a dangerous condition at the Salon or that defendants failed to exercise reasonable care in keeping the premises reasonably safe.

## C. The trial court correctly concluded the complaint did not allege negligence based on the failure to help Vardanyan out of the chair

Vardanyan argues the complaint was not limited to a theory of negligence based on a damaged or extended footrest. Instead, she asserts the complaint additionally alleged defendants had a duty to help her out of the chair, and that defendants breached their duty of care by failing to do so.

The trial court reasonably rejected Vardanyan's characterization of the complaint. The general negligence cause of action alleged that Vardanyan heard strange sounds, she called for help, and no one came. However, the complaint failed to allege that this was the cause of her injuries. Instead, the complaint alleged that Vardanyan tried to get up, her foot was stuck, the footrest was damaged, and she fell and was seriously injured.[5] The complaint's allegations were only sufficient to put

---

[5]    While the complaint asserted claims such as negligent hiring and supervision, there were no additional allegations to suggest these were anything other than derivative claims

defendants on notice that Vardanyan was asserting legal theories of negligence having to do with the footrest.

Vardanyan contends she alleged defendants breached a "duty to help."  Yet, her explanation of this theory only undermines her argument that it was encompassed in the operative complaint.  Vardanyan appears to contend that aside from keeping the premises reasonably safe, defendants additionally owed her a duty under a negligent undertaking theory.  She repeatedly quotes the following portion of the Second Restatement of Torts:  "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking."  (Rest.2d Torts, § 324A.)  She similarly relies on *Peredia v. HR Mobile Services, Inc.* (2018) 25 Cal.App.5th 680 (*Peredia*), which explained, "California recognizes a legal duty of care in certain circumstances where the defendant undertakes to render services to someone other than the plaintiff."  (*Id.* at p. 687.)

Vardanyan's complaint did not expressly allege this negligent undertaking theory, nor did it allege any facts to support such a theory.  There were no allegations that Vardanyan suffered harm as a result of defendants' failure to exercise reasonable care in rendering services *to another party*. Even if the theory explained in *Peredia* could apply under the circumstances of this case, the allegations of the complaint did not encompass it.

---

stemming from the alleged negligence related to the condition of the shampoo chair.

12

Nor did the complaint allege facts or terms that would encompass any other undertaking theory. As explained in another authority Vardanyan cites, *Paz v. State of California* (2000) 22 Cal.4th 550, 558–559, a negligent undertaking theory is an exception to the general rule that a person who has not created a peril is not liable in tort for failing to take affirmative action to protect another unless they have some relationship that gives rise to a duty to act. The complaint alleged harm related to defendants' alleged creation of a peril, in the form of the footrest and shampoo chair. It did not allege defendants undertook to aid Vardanyan or that there was a relationship, separate from that of landowner or business owner and invitee, giving rise to an affirmative "duty to help."

"[W]here specific allegations need be alleged, the form complaint is like a partially completed painting. It is up to the pleader to add the details that complete the picture." (*People ex rel. Dept. of Transportation v. Superior Court* (1992) 5 Cal.App.4th 1480, 1486.) The complaint did not allege that defendants had or breached any affirmative duty to Vardanyan beyond that related to the duty to keep the premises safe. (*Guilliams v. Hollywood Hospital* (1941) 18 Cal.2d 97, 101 [to sufficiently allege breach plaintiff must indicate the acts or omissions which are said to have been negligently performed].) Indeed, the vagueness of Vardanyan's explanation on appeal of her "duty to help" theory illustrates defendants could not have had fair notice of the theory from the complaint.[6] (*Howard, supra,* 203 Cal.App.4th at p. 422.)

---

[6] As noted above, Vardanyan appears to assert she alleged a theory based on defendants' undertaking to render services to

13

The authorities Vardanyan cites do not suggest a contrary result. In *Blair v. Superior Court* (1990) 218 Cal.App.3d 221 (*Blair*), the court found the plaintiff's government tort claim asserting negligence in the construction and general maintenance of a highway was sufficient to allow him to proceed on a factual theory in his subsequent complaint that the road was defective due to the lack of guard rails, the slope of the road, and a failure to warn. The claim had only specifically mentioned the accumulation of ice on the highway. The court concluded that not only did the claim satisfy minimum statutory requirements, but the charge of "negligent construction" could reasonably encompass the defects the plaintiff alleged in his complaint. (*Id.* at p. 226.)

Here, however, the trial court was to "read the pleadings broadly, 'in the light of the facts adduced in the summary judgment proceeding,' if those pleadings give fair notice to the opposing party of the theories on which relief is being sought. [Citation.] The test is whether such a particular theory or defense is one that the opposing party could have reasonably

someone else which they should have recognized as necessary for *her* protection (consistent with section 324A of the Second Restatement of Torts), without identifying the intended recipient of the services. However, she also asserts defendants "undertook the task of washing [Vardanyan's] hair while [she] was seated/laying [*sic*] on the shampoo chair"; that because defendants were in "direct control of [the] hair wash," that control extended to getting Vardanyan off the shampoo chair and defendants were "directly in control of the client's actions"; but also that Vardanyan was defendants' customer and defendants' employee was helping Vardanyan "thereby creating a duty to help."

14

anticipated would be pursued, and whether a request for leave to amend accordingly would likely have been granted . . . ." (*Howard*, *supra*, 203 Cal.App.4th at p. 422.) In *Blair*, all of the plaintiff's theories concerned negligent construction and maintenance of the highway. The only divergence between the tort claim and the complaint was the nature of the alleged defects. In this case, Vardanyan asserts her complaint alleged two distinct theories of negligence, based on different duties and different facts. The complaint as pled did not give fair notice that Vardanyan was pursuing a negligent undertaking theory, or any theory other than one related to the allegedly dangerous footrest. (Cf. *Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1258 [pleading alleging car accident was caused by inadequate sight distance, lack of warning signs, and devices at intersection did not encompass allegations involving other lanes or vehicle striking light pole or other object].)

Likewise, *Jones*, *supra*, 39 Cal.App.5th 1200, is inapposite. In *Jones*, the plaintiff opposed summary judgment with evidence of code violations on defendants' stairs and a negligence per se argument. (*Id*. at p. 1211.) Even though the complaint did not expressly allege negligence per se, the court reasoned it is an evidentiary doctrine that may apply generally in any negligence-related cause of action to establish a breach of due care. (*Ibid*.) In contrast, here, the complaint identified a damaged footrest as the source of negligence, which implied a particular duty of care. The claim that defendants' failure to help Vardanyan out of the chair created a separate basis for liability, independent of the condition of the footrest, was a new, unpled theory.

15

## II. The Trial Court Did Not Abuse Its Discretion in Denying Leave to Amend

Vardanyan alternatively argues the trial court abused its discretion in denying her leave to amend the complaint. We disagree.

Generally, trial courts "will liberally allow amendments at any stage of the proceeding." (*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1280 (*Falcon*).) But this policy of liberality " 'should be applied only "[w]here no prejudice is shown to the adverse party. . . ." [Citation.]' [Citation.]" (*Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 761 (*Atkinson*).)

"Further, unwarranted delay in seeking leave to amend may be considered by the trial court when ruling on a motion for leave to amend [citation], and appellate courts are less likely to find an abuse of discretion where, for example, the proposed amendment is ' "offered after long unexplained delay . . . or where there is a lack of diligence" ' [citation]. Thus, when a plaintiff seeks leave to amend his or her complaint only after the defendant has mounted a summary judgment motion directed at the allegations of the unamended complaint, even though the plaintiff has been aware of the facts upon which the amendment is based, '[i]t would be patently unfair to allow plaintiffs to defeat [the] summary judgment motion by allowing them to present a "moving target" unbounded by the pleadings.' [Citations.]" (*Falcon*, *supra*, 224 Cal.App.4th at p. 1280; *Record v. Reason* (1999) 73 Cal.App.4th 472, 486 [unwarranted delay in presenting amendment may of itself be valid reason for denial of leave].) Leave to amend is addressed to the sound discretion of the trial court. (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242 (*Branick*).)

16

Here, the trial court found Vardanyan's request was untimely and would prejudice defendants. The record amply supported the trial court's reasoning. The incident occurred in 2016. Vardanyan filed her complaint in 2018. She did not seek leave to amend until 2021. Yet, the facts underlying the proposed amendment were based on Vardanyan's personal knowledge and could have been included in the initial complaint. The court reasonably rejected Vardanyan's argument that the facts related to her new theory only came to light during Gharibi's deposition since she testified at her own deposition about the Salon's practices as she had experienced them as a regular patron for five years before the incident occurred. (*Falcon, supra*, 224 Cal.App.4th at p. 1280; *Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 176 [no abuse of discretion in denying oral request to amend at summary judgment hearing where amendment was based on facts known to plaintiff five years earlier].)

Likewise, the record supported the trial court's assessment of prejudice. Defendants propounded discovery seeking the basis for Vardanyan's negligence theory in January 2019 and again in July 2021. She failed to provide substantive answers. Defendants expended time, effort, and cost in moving for summary judgment based on the only theory of liability identified in the complaint. As the trial court noted, it would be "implausible and unfair" to expect defendants to "divine" that Vardanyan intended to proceed on any other theory.

Indeed, Vardanyan did not supplement her discovery responses until the day before her opposition to the summary judgment motion was due. Contrary to Vardanyan's argument on appeal, nothing in the record suggests defendants were aware of

17

Vardanyan's new theory of liability, or that they had the opportunity to fully explore it through discovery. (*Nelson v. Specialty Records, Inc.* (1970) 11 Cal.App.3d 126, 139 [no abuse of discretion in denying leave to amend "where the proposed amendment interjects a new issue [citations], which may require further investigation"].)

The authorities Vardanyan relies upon for a contrary result are inapposite. In *Kittredge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d 1045, 1048, the court concluded the amendment would not prejudice the defendant. In *Atkinson, supra*, 109 Cal.App.4th at page 761, the defendant did not argue it would be prejudiced by the requested amendment. In this case, defendants were prejudiced in undertaking the cost and burden of summary judgment, and would be further prejudiced if forced to re-engage in discovery. The trial court did not abuse its discretion in denying leave to amend. (*Falcon, supra*, 224 Cal.App.4th at p. 1282; *Branick, supra*, 39 Cal.4th at p. 242.)

18

## DISPOSITION

The judgment is affirmed.  Defendants to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ADAMS, J.


We concur:


EDMON, P. J.


EGERTON, J.

19